## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENAISSANCE DEVELOPMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> BUCA V, LLC, BUCA, INC., BUCA RESTAURANTS, INC., VINNY T'S RESTAURANT CORP., AND C&T RESTAURANT MANAGEMENT, LLC, <br><br> Defendants. | CIVIL ACTION NO.  15- |

## COMPLAINT

Plaintiff Renaissance Development Corp. (the "Lessor") commences this action against the captioned defendants for breach of a commercial lease agreement, guaranty and other obligations to Lessor.  As of the date of this complaint, the amount owed by the defendants, jointly and severally, to the Lessor is no less than $206,513.44, and this amount will increase each month through the end of the lease term on May 31, 2020.

## PARTIES

1.      The Lessor is a corporation organized under the laws of Rhode Island, with a principal place of business in Cranston, Rhode Island.  The Lessor is registered to do business in Massachusetts, and is the owner of the premises located at 7 Boston Turnpike, Shrewsbury, Massachusetts (the "Shrewsbury Premises").

2.      Defendant Buca V, LLC d/b/a Buca Di Beppo (the "Lessee") is a limited liability corporation organized under the laws of Florida, with a principal place of business in Orlando, Florida. The Lessee is registered to do business in Massachusetts and, until recently, operated a restaurant with a usual place of business located at the Shrewsbury Premises.

2439334_1/1685-28

3.      Defendant Buca, Inc. ("Buca") is a corporation organized under the laws of Minnesota, with a principal place of business in Orlando, Florida.  Buca is a former lessee of the Premises and a guarantor of the Lessee's obligations under the commercial lease agreement described below.

4.      Defendant Buca Restaurants, Inc. ("BRI") is a corporation organized under the laws of Minnesota, with a principal place of business in Orlando, Florida.  BRI is a former lessee of the Premises and a guarantor of the Lessee's obligations under the commercial lease agreement described below.

5.      Defendant Vinny T's Restaurant Corp., f/k/a Buca Restaurants 3, Inc. ("Vinny T's") is a corporation organized under the laws of Minnesota, with a principal place of business in Orlando, Florida.  Vinny T's is a former lessee of the Premises, which remains liable for the Lessee's obligation under the commercial lease agreement described below.

6.      Defendant C&T Restaurant Management, LLC ("C&T") is a limited liability company organized under the laws of Florida, with a principal place of business in Cold Spring Harbor, New York.  C&T is a guarantor of the Lessee's obligations under the commercial lease agreement described below.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, as the Lessor and the defendants are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.      This court has personal jurisdiction over the defendants pursuant to the Massachusetts Long Arm Statute.  The Lessee and BRI are registered to do business in Massachusetts.  All defendants transacted systematic and continuous business activities in Massachusetts directly related to the claims in this action, and all defendants contractually agreed that Massachusetts law governs this dispute.

9.      Venue in this District is proper pursuant to 28 U.S.C. § 1391, in that the events giving rise to Lessor's claims occurred in this district and the defendants transacted business in this district.

2

<u>FACTS COMMON TO ALL COUNTS</u>

10.     The Lessor and the Lessee are parties to a Commercial Property Lease dated February 2, 2001 (the "Original Lease"), as amended by the Amendment to Lease dated August 24, 2010 (the "First Amendment") and the Second Amendment to Lease dated September 15, 2014 (the "Second Amendment").  The Original Lease, the First Amendment and the Second Amendment are collectively referred to as the "Lease.")

11.     The demised premises under the Original Lease consisted of the Shrewsbury Premises and certain property located at 353 Highland Avenue, Seekonk, Massachusetts (the "Seekonk Premises").  The lessee under the Original Lease was S&S Restaurant Associates Limited Partnership ("S&S").

12.     On January 14, 2002, S&S assigned its right, title and interest in the Original Lease to Buca, which in turn assigned its right, title and interest in the Original Lease to Vinny T's.  The Lessor consented to both assignments.

13.     In late 2008 or early 2009, the sole stockholder of Vinny T's agreed to sell its interest to C&T.  Due to the change in control, the Lease obligated C&T to obtain the Lessor's consent to the sale and to become directly liable to the Lessor for all of the obligations under the Lease.  On or about January 13, 2009, the Lessor, Vinny T's, C&T and others executed an agreement entitled "Landlord's Consent to Stock Sale and Estoppel Certificate" (the "2009 Consent"), pursuant to which C&T expressly, unconditionally and irrevocably guaranteed the timely payment and performance of all obligations of the tenant under the Lease, "including any extensions and/or renewals thereof."

14.     On June 14, 2010, Vinny T's assigned its right, title and interest in the Original Lease to BRI.  The Lessor consented to the assignment (the "2010 Consent").  Pursuant to the 2010 Consent, Vinny T's and C&T affirmed and restated their respective liability to the Lessor for all obligations of the tenant under the Lease.

15.     On August 24, 2010, the Lessor and BRI entered into the First Amendment.  Among other things, the First Amendment changed the rent payable by BRI to the Lessor and extended the term of the Original Lease from May 31, 2011 to May 31, 2020.

16.     On January 1, 2014, BRI assigned its right, title and interest in the Original Lease (as amended by the First Amendment) to the Lessee.

17.     On September 15, 2014, the Lessor and the Lessee entered into the Second Amendment. Among other things, the Second Amendment released the Seekonk Premises from the Lease, changed the rent payable by the Lessee to the Lessor, and required Buca and BRI (the "Guarantors") to jointly and severally guaranty the obligations of the Lessee under the Lease.

18.     Also on September 15, 2014, the Guarantors each signed a written guaranty of the Lessee's obligations to the Lessor under the Lease (the "Guaranty").  The Guaranty is "an absolute, unconditional and continuing guaranty of the full and punctual payment of the Lease[,]" which expressly imposes "joint and several" liability upon each of the Guarantors.

19.     Two months after signing the Second Amendment, the Lessee ceased making payments to the Lessor under the Lease.

20.     By letter dated January 16, 2015, the Lessor made demand upon the Lessee and the Guarantors for immediate payment of the base rent, unpaid real estate taxes, and late fees due under the Lease, which in the aggregate totaled $151,153.89 as of the date of the demand letter.

21.     Several weeks after sending the demand letter dated January 16, 2015, the Lessor became aware that the Lessee had vacated the Shrewsbury Premises, without permission and without advising the Lessor of the manner in which the premises would be secured and maintained.

22.     By letter dated February 17, 2015, the Lessor advised the Lessee and the Guarantors that the Lessor (a) had no choice but to enter the Shrewsbury Premises for the purposes of verifying, securing, and protecting the condition of the premises, (b) was not exercising its right to terminate the Lease, and (c) would not under any circumstances accept the Lessee's surrender of the Lease.  In

4

addition, the Lessor notified the Lessee and the Guarantors that the aggregate amount owed under the Lease through February 17, 2015 had grown to $206,513.44, including late charges but not including interest or attorneys' fees.  Finally, the Lessor made demand for immediate payment of all amounts owed under the Lease, plus reimbursement of all of the Lessor's costs and expenses (including reasonable attorneys' fees) caused by the Lessee's breaches of the Lease, plus interest at the rate set forth in the Lease of 18% per year.

23.     Despite the Lessor's repeated demands, the Lessee and the Guarantors have failed and continue to fail to make payment to the Lessor of the rent, real estate taxes and other amounts owed under the Lease.  In addition, the Lessee remains in default of the Lease for vacating the Shrewsbury Premises at a time when it was in arrears on its monetary obligations to the Lessor.

24.     Pursuant to the Second Amendment, which was executed on or about September 15, 2014, the Lessee and BRI expressly agreed that the "Lessor has satisfied all of its obligations under the Lease and Lessor is not in default of any provisions of the Lease."  Thus, the Lessee and the Guarantors have no defense to their liabilities to the Lessor under the Lease and the Guaranty.

## COUNT ONE
## BREACH OF LEASE

25.     The Lessor repeats and incorporates by reference the above allegations as if fully set forth herein.

26.     The Lessee is in default of its obligations to the Lessor under the Lease by failing to pay rent, real estate taxes and late fees in accordance with the terms of the Lease.

27.     Pursuant to Section 15.1 of the Lease, the Lessor notified the Lessee in writing of its defaults under the Lease, and gave the Lessee more than 10 days to cure its defaults.  As of the date of this complaint, the Lessee has failed to cure its defaults in accordance with the terms of the Lease.

28.     Pursuant to Section 15.3 of the Lease, the Lessor is entitled to recover all amounts owed by the Lessee under the Lease from the date of default through the expiration of the term of the Lease on May 31, 2020, plus all courts costs, interest at the rate of 18% per year, and reasonable attorneys' fees.

COUNT TWO
BREACH OF GUARANTY

29.     The Lessor repeats and incorporates by reference the above allegations as if fully set forth herein.

30.     The Lessee is in default of its obligations to the Lessor under the Lease by failing to pay rent, real estate taxes and late fees in accordance with the terms of the Lease.

31.     By letter dated January 16, 2015, the Lessor notified the Guarantors of the Lessee's defaults of its obligations under the Lease, and gave the Guarantors more than 10 days to cure the Lessee's defaults.  As of the date of this complaint, the Guarantors have failed to make any payments to the Lessors in accordance with the terms of the Lease or the Guaranty.

32.     Pursuant to the Guaranty, the Lessor is entitled to recover from the Guarantors, jointly and severally, all amounts due from the Lessee under the Lease from the date of default through the expiration of the term of the Lease on May 31, 2020, plus all courts costs, interest at the rate of 18% per year, and reasonable attorneys' fees.

COUNT THREE
BREACH OF CONTRACT

33.     The Lessor repeats and incorporates by reference the above allegations as if fully set forth herein.

34.     Pursuant to the Original Lease, the 2009 Consent, and the 2010 Consent, Vinny T's and C&T remain liable to the Lessor for the Lessee's default of its obligation to pay rent, real estate taxes and late fees in accordance with the terms of the Lease.

35.     The Lessor is entitled to recover from Vinny T's and C&T, jointly and severally, all amounts owed by the Lessee under the Lease from the date of default through the expiration of the term

6

of the Lease on May 31, 2020, plus all courts costs, interest at the rate of 18% per year, and reasonable attorneys' fees.

WHEREFORE, the Lessor demands judgment against the Lessee, the Guarantors, Vinny T's, and C&T for all amounts due under the Lease from the date of default through the expiration of the term of the Lease on May 31, 2020, plus all courts costs, interest at the rate of 18% per year, and reasonable attorneys' fees.

RENAISSANCE DEVELOPMENT CORP.,

By Its Attorneys,

/s/ Lauren J. Coppola
Martin P. Desmery (BBO #550133)
Lauren J. Coppola (BBO #666211)
Partridge Snow & Hahn LLP
30 Federal Street, 7th Floor
Boston, MA 02110
(617) 292-7900
(617) 292-7910  FAX
mdesmery@psh.com
lcoppola@psh.com

DATED:  February 20, 2015